**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 3 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ERIELLE SIMS,**                                                    **PLAINTIFF**
Individually and on behalf of
all others similarly situated

vs.                          No. 4:19-cv-_289-SWW

**GOODWILL INDUSTRIES OF ARKANSAS, INC.**          **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Erielle Sims ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Brandon Haubert of wh Law, PLLC, and for her Class and Collective Action Complaint against Defendant Goodwill Industries of Arkansas, Inc., she does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a class action and a collective action brought by Plaintiff, individually and on behalf of all other hourly-paid store employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

This case assigned to District Judge__Wright____
and to Magistrate Judge____Ray_____

Defendant's failure to pay Plaintiff and other hourly-paid store employees a minimum wage for all hours worked and proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

### III.     THE PARTIES

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff is a citizen and resident of Pulaski County, Arkansas.

13.     Plaintiff was employed by Defendant as an hourly-paid store employee at one of Defendant's retail stores in Little Rock within the three (3) years preceding the filing of this Complaint.

14.     At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the FLSA.

15.     At all times relevant herein, Plaintiff and those similarly situated who worked in Arkansas have been entitled to the rights, protections and benefits provided under the AMWA.

16.     Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

17.     Defendant owns retail thrift stores, having its principal place of business in Little Rock.

18.     Defendant is a domestic non-profit corporation, registered and licensed to do business in the State of Arkansas.

19.     Defendant's registered agent for service of process in Arkansas is Brian F. Marsh, 7400 Scott Hamilton Drive, Suite 50, Little Rock, Arkansas 72209.

20.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Defendant's annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22.     At all relevant times, Defendant continuously employed at least four (4) employees.

## IV.     FACTUAL ALLEGATIONS

23.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24.     At all relevant times herein, Defendant was the "employer" of Plaintiff within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA.

25.     At all relevant times herein, Plaintiff was an "employee" of Defendant within the meaning of all applicable federal statutes and implementing regulations, including the FLSA and AMWA

26.     Further, Defendant classified Plaintiff and other store employees like cashiers as hourly employees nonexempt under the FLSA and the AMWA and were supposed to be paid an hourly rate.

27.     During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as an hourly-paid store cashier.

28.     Defendants directly hired Plaintiff and other hourly-paid store employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.     Plaintiff and other cashiers managed cash and sales transactions for Defendant's customers.

30.     Plaintiff and other hourly-paid store employees regularly worked in excess of forty (40) hours per week.

31.     It was Defendant's commonly applied practice to not pay Plaintiff and other hourly-paid store employees a proper minimum wage for hours up to forty (40) in a given week or overtime rate for all of the hours worked over forty (40) in a given week.

32.     Defendant failed to pay Plaintiff all wages for hours worked, either at minimum wage or at a proper overtime rate, when applicable.

33.     Defendant refused to pay Plaintiff and other hourly-paid store workers for all hours worked, even though Defendant was aware of all hours worked.

34.     As a result, Defendant did not pay Plaintiff or other hourly-paid store workers a lawful minimum wage.

35.     Defendants also did not pay Plaintiff or other hourly-paid store employees one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in a week.

36.     Plaintiff and other hourly-paid store employees were and are entitled to both a minimum wage for all hours worked up to forty (40) in a given week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

37.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other cashiers violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Collective

38.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

39.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

40.     Plaintiff brings his FLSA claims on behalf of all hourly-paid store employees who were employed by Defendant at any time within the applicable statute of limitations period, who were an hourly wage by Defendant and who are entitled to payment of the following types of damages:

A.     Proper payment for all hours worked, including payment of a lawful minimum wage for hours worked up to forty (40) in a workweek and a lawful overtime

premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

        B.     Liquidated damages and attorneys' fees and costs.

        41.     In conformity with the requirements of FLSA Section 216(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

        42.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

        43.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

        A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

        B.     They were paid hourly or were supposed to be paid hourly;

        C.     They performed substantially similar job duties; and

        D.     They were subject to Defendant's common practice of denying pay for all hours worked

        44.     Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the group exceeds 40 persons.

        45.     In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

46.     Defendant can readily identify the members of the Section 216(b) Collective.  The names, mailing addresses, phone numbers and email addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known mailing and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

47.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48.     Plaintiff proposes to represent the class of hourly-paid store employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

49.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class lawful minimum and overtime wages in accordance with the AMWA.

50.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

51.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

52.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 55 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

53.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

54.     Concentrating the litigation in this forum is highly desirable because Defendant does business in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

55.     No difficulties are likely to be encountered in the management of this class action.

56.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as a retail store employee and was paid an hourly wage during her time for Defendant and experienced the same violations of the AMWA that all other class members suffered.

57.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

58.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

59.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

60.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

61.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

62.     Defendant failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in one week, despite her entitlement thereto.

63.     Defendant failed to pay Plaintiff one and one-half (1.5) times her regular rate for all hours worked over forty (40) hours per week, despite her entitlement thereto.

64.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

66.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

67.     Plaintiff asserts this claim on behalf of all hourly-paid store employees employed by Defendant to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid minimum wages for all the hours worked up to forty (40) each week and unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

68.     Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

69.     29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

70.     Defendant failed to pay Plaintiff and those similarly situated a lawful minimum wage for all hours worked up to forty (40) in one week, despite their entitlement thereto.

71.     Defendant failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

72.     Because these employees are similarly situated to Plaintiff, and are owed a minimum wage and overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid store workers employed
by Defendants within the past three years.**

73.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

75.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.     THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

77.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

78.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80.     Defendant failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

81.     Defendant failed to pay Plaintiff all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

82.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

101.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

102.     Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

103.     At all relevant times, Defendant has been an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

104.     Defendant failed to pay Plaintiff a minimum wage for all hours worked up to forty (40) in a given week as required under the AMWA, despite her entitlement thereto.

105.     Defendant failed to pay Plaintiff and members of the proposed class all overtime wages for hours worked over forty (40) in a given week as required under the AMWA, despite their entitlement thereto.

106.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid store workers employed
by Defendants in Arkansas within the past three years.**

107.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

108.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

109.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Erielle Sims, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for the following relief:

A.    That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.      Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F.      Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective and class members during the applicable statutory period;

H.      Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.      An order directing Defendant to pay Plaintiff and members of the collective and class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ERIELLE SIMS, Individually and on
Behalf of All Others Similarly Situated,
PLAINTIFF**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By:

Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com

Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ERIELLE SIMS,**                              **PLAINTIFF**
Individually and on behalf of
all others similarly situated

vs.                      No. 4:19-cv- 289-SWW

**GOODWILL INDUSTRIES OF ARKANSAS, INC.**          **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid employee for Defendant Goodwill Industries of Arkansas,

Inc., on or after April 22, 2019. I understand this lawsuit is being brought under the Fair Labor

Standards Act for overtime and minimum wage compensation. I consent to becoming a party-

plaintiff in this lawsuit, to be represented by wh Law, PLLC, and to be bound by any settlement of

this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** _____

**Erielle Sims**
Date: April 22, 2019

*/s/ Chris Burks*
Chris Burks, Esq.
WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114 Telephone:
(501) 891-6000
chris@whlawoffices.com