IN THE U. S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ERIELLE SIMS,**
**Individually and On Behalf of**
**ALL Others Similarly Situated**                                                          **PLAINTIFF**

**V.**                                  **NO. 4:19-CV-00289-KGB**

**GOODWILL INDUSTRIES**                                                                     **DEFENDANT**
**OF ARKANSAS, INC.**

**JOINT MOTION TO DISMISS WITH PREJUDICE AND**
**FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Erielle Sims, and Defendant, Goodwill Industries of Arkansas, Inc. ("Goodwill"), by and through their undersigned attorneys, for their Joint Motion to Dismiss with Prejudice and for Approval of Settlement Agreement, state:

1. Plaintiff filed a Class and Collective Action Complaint on April 23, 2019, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq.. *See* ECF No. 1. On an individual and collective basis, Plaintiff asserted that Defendant failed to pay Plaintiff and others similarly simulated a lawful minimum wage for all hours worked and for all overtime hours owed, when applicable, resulting in the underpayment of minimum and/or overtime wages. Plaintiff also sought liquidated damages and attorneys' fees. *Id.*

2. Plaintiff is a former employee of Defendant who worked for Defendant in a retail store. Defendant disputes that Plaintiff was not compensated for all hours worked, including overtime, and that she was properly classified pursuant to the FLSA and AMWA. The Parties engaged in limited discovery regarding Plaintiff's time records, compensation, and issues related to the underlying merits of Plaintiff's claims.

3. Following negotiations, the Parties reached an agreement to settle this matter. A delay in executing the agreement led to Defendant filing a Motion to Enforce Settlement Agreement and Brief in Support (*Docs. 13 and 14)*, but such motion is now moot as the parties have executed the Settlement Agreement and Release of Claims (Settlement Agreement) resolving the litigation in full and are requesting dismissal of the above-captioned action with prejudice.

4. To ensure the Settlement Agreement releasing claims under the FLSA and AMWA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to these statutes are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the law's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

5. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both Parties. The Parties

also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a jury trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of her claims and has individually concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation, despite Defendant's denial of Plaintiff's claims.

6. The Parties have reached an amicable resolution as to Plaintiff's individual claims. Accordingly, Plaintiff and Defendants jointly seek dismissal, with prejudice, of Plaintiff's claims in this action.

7. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

8. In support of this Motion, the Parties attach the Settlement Agreement and Release of Claims signed by Plaintiff and Defendant as Exhibit 1.

Wherefore, Plaintiff and Defendant request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement.

Respectfully submitted,

Cynthia W. Kolb (AR Bar 2000156)
Gregory J. Northen (AR Bar 2011181)
**CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone: 501-371-9999/Fax: 501-371-0035
ckolb@cgwg.com
gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANT**

And

Chris Burks (#2010207)
Brandon M. Haubert (#2013137)
**WH LAW, PLLC**
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
Phone: 501-891-6000
chris@whlawoffices.com
brandon@whlawoffices.com

**ATTORNEYS FOR PLAINTIFF**

243168