IN THE U. S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERIELLE SIMS,
Individually and On Behalf of
ALL Others Similarly Situated                                    PLAINTIFF

V.                              NO. 4:19-CV-00289-KGB

GOODWILL INDUSTRIES                                           DEFENDANT
OF ARKANSAS, INC.

*AND*

EEOC CHARGE OF DISCRIMINATION 493-2019-01283

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (Agreement) is made and entered into by and between Erielle Sims (hereinafter referred to as "Sims" or "Plaintiff"), which includes her spouse, agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Goodwill Industries of Arkansas, Inc. including its current and former officers, agents, directors, employees, attorneys, accountants, successors, insurers, professional employer organizations, parent or subsidiary corporations, and assigns and the respective current and former officers, agents, directors, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter referred to as "Goodwill" or "Defendant").

### STATEMENTS OF FACT

The parties acknowledge that:

It is the desire of the parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, charges, or other issues arising out of Sim's employment with and separation from Defendant. Moreover, the parties desire to resolve any and all claims which Sims may have against Defendant, as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the parties agree as follows:

Sims        Goodwill                         1 of 8                            243101



**EXHIBIT**
**1**

I.

Sims acknowledges that she has had adequate and legally sufficient time to review this Agreement.

Sims understands the rights that have been waived by this Agreement. Sims further represents and warrants that she enters into this Agreement and executes it freely, knowingly, and voluntarily without fraud, duress, coercion, or undue influence. Sims understands that this is a voluntary waiver of any and all claims that relate in any way to her employment with, complaints about, compensation due, or separation of employment from Defendant.

Sims acknowledges and agrees that in exchange for entering into this Agreement, she is receiving consideration, i.e. the payment described in Section II below, which is something that she is not otherwise entitled to receive.

II.

In consideration of each party's promises and commitments contained in this Agreement, the parties agree to the following:

(a)    Payment will be made to Sims in the gross amount of $1,275.00, (one thousand two hundred seventy five dollars and zero cents) minus the applicable payroll deductions required by law. Sims will be issued a 2019 IRS Form W-2 for such amount;

(b)    Payment will be made to Sims in the amount of $1,275.00, (one thousand two hundred seventy five dollars and zero cents) for which there will be no withholdings. Sims will be issued a 2019 IRS Form 1099 for such amount;

(c)    Payment will be made to WH Law, PLLC in the amount of $2,450.00 (two thousand four hundred fifty dollars and zero cents) for which there will be no withholdings. WH Law, PLLC will be issued a 2019 IRS Form 1099 for such amount.

III.

Sims shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing from Sims to any and all such taxing authorities. Sims agrees to indemnify, defend, and hold harmless Defendant from and against any and all penalties or taxes, claims, demands, and causes of action assessed or imposed by any federal, state and/or local taxing authority against Defendant for or on account of penalties and/or taxes allegedly due and owing with respect to the payments described herein, or that in any way arise from or otherwise relate to the failure of Sims to report or pay any and all taxes due or owing from Sims to

Sims      Goodwill

243101

any and all taxing authorities. Sims agrees that this indemnity obligation set out in this section shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation. Under no circumstances should anything in Section III be construed to impose liability on any counsel of Sims' for any failure on Sims' part to pay or properly report her taxes related to this Agreement. Sims acknowledges and agrees that she has not received any tax planning advice from Defendant or Defendant's attorneys.

IV.

In return for Defendant's payment of the valuable and sufficient consideration outlined in Section II above, the sufficiency of which is hereby acknowledged, Sims fully, finally, and forever releases and discharges Defendant from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney's fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Sims has, had, or may have had that relate in any way to her employment with, separation from, complaints about, and compensation and benefits due from, her employment with Defendant. This Release is made on behalf of Sims, her dependents, heirs, executors, administrators, and agents including successors and assigns.

Sims agrees that she will seek dismissal of the Complaint in this action, Case NO. 4:19-CV-00289-KGB, by filing a Joint Motion for Dismissal with Prejudice and Approval of Settlement Agreement with the Court. In addition, the consideration in this Agreement releases any claims made by Sims in connection to EEOC Charge NO. 493-2019-01283 which Sims agrees shall be closed by the EEOC. Plaintiff specifically releases any and all claims of any kind whatsoever that she has, had, or may have had against Defendant as of the date of Plaintiff's execution of this Agreement under the pending Complaint, the EEOC Charge, and the following:

(1)   Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);
(2)   the Age Discrimination in Employment Act of 1967, as amended,(29 U.S.C. § 621 *et seq.*);
(3)   the Civil Rights Acts of 1866, 1871, 1964 and 1991;
(4)   the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*);
(5)   the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*)

(6)    the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);

(7)    the Genetic Information Nondiscrimination Act of 2008, (42 USC §2000ff *et seq)*;

(8)    the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*) and any related state laws;

(9)    the Arkansas Whistleblower Act and any related state laws;

(10)    the False Claims Act, the Fraud Enforcement and Recovery Act, and any similar federal or state laws;

(11)    the Arkansas Civil Rights Act, as amended (A.C.A §16-123-101 *et seq.*):

(12)    the Uniform Contribution Among Tortfeasors Act, as amended (A.C.A. § 16-61-201 *et seq.*);

(13)    the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 *et seq.*);

(14)    the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651 *et seq.*) or any applicable state safety and health statutes, regulations, or common law;

(15)    the National Labor Relations Act and any related state laws;

(16)    the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);

(17)    the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);

(18)    the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);

(19)    the Employee Retirement Income Security Act and any related state laws;

(20)    any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and,

(21)    any and all other relevant Federal, State, Local laws, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Sims understands and agrees that, even if she should eventually suffer additional damages arising out of the matters released by this Agreement, she will not be able to make any claims for those damages; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed.

V.

Sims expressly acknowledges that this Agreement contemplates the extinguishment of all her claims against Defendant, relating to her employment with, separation from, complaints about, and compensation and benefits due from Defendant, the validity, existence, and occurrence of which are expressly denied by Defendant.

Sims    /Goodwill

243101

Sims further agrees to hold Defendant harmless from any and all claims, including but not limited to, third party claims, and/or cross-claims brought against Defendant arising out of any action taken by Sims against another person and/or company. Sims further agrees to hold Defendant harmless and indemnify Defendant from any medical liens, Medicare liens, Medicaid liens, attorneys' fees liens, child support obligations, and any other obligation to a third-party. It is not the purpose of this settlement agreement to shift to Medicare or Medicaid the responsibility for payment of medical expenses for treatment of injury-related conditions. Sims agrees that her indemnity or obligation set out in this paragraph shall include but not be limited to any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, costs of defense, attorneys' fees, and other expenses arising out of or incurred in connection with the matters with respect to which Sims has agreed to indemnify and hold harmless Defendant.

In further exchange for the consideration recited in Section II above, Sims agrees to waive and relinquish any claim to any right of reinstatement, future consideration for employment with Defendant, assignment by any entity providing contracted employees to work for Defendant, or any temporary employment with Defendant. Moreover, Sims agrees to never apply for a position with Defendant or take any assignments to work for Defendant from any entity providing contracted employees to work with Defendant, or take any temporary employment with Defendant. Sims acknowledges that she is not entitled to such employment and understands that she will not be hired or permitted to work for Defendant or at any of its locations. If Sims applies for employment and Defendant inadvertently hires her, or she is inadvertently assigned to Defendant's worksites by an entity providing contracted employees to work for Defendant, or is otherwise temporarily employed to work at Defendant's facilities, Defendant may immediately terminate that employment without cause and without liability.

## VI.

Sims represents and warrants that she has not assigned to a third party any of her current or potential claims against Defendant.

## VII.

Sims agrees not to help, advise, assist, testify, or provide any documents to any individual, entity, or organization, including, but not limited to any current or former employees of Defendant, or applicants for employment, in any manner whatsoever with respect to any action or investigation involving Defendant, unless lawfully subpoenaed.

Nothing in this Agreement is intended to interfere with Sims' rights under applicable law to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal or state government agency enforcing discrimination or other employment laws, or to cooperate with any such agency in an investigation except that Sims has agreed this settlement releases EEOC Charge 493-2019-01283 which Sims agrees shall be closed by the EEOC. The consideration

Sims      Goodwill                              5 of 8                              243101

provided to Sims in this Agreement shall be the sole relief provided to her for the claims that are released in the Agreement and she will not be able to recover any monetary benefits in connection with any such claim, charge, or proceeding.

### VIII.

Sims acknowledges and agrees that Defendant has a protected interest in maintaining and securing its reputation. Sims specifically agrees that she shall not make any disparaging or inappropriate remarks concerning Defendant, its directors, or any current/former employees of Defendant under any circumstances, whether work-related or not. Any such remarks by Sims could have an adverse impact on the reputation of Defendant and would be considered a violation of this Agreement. All parties agree that if they are asked how this matter was resolved, they will say it was "settled" but will not otherwise indicate the nature and terms of the resolution of the issues.

### IX.

This Agreement shall not in any way be construed as an admission by Defendant of any liability whatsoever or as an admission by Defendant of any acts of wrongdoing, violation of any wage laws, misclassification, discrimination, or retaliation against Sims or any other persons. In fact, Defendant specifically disclaims any liability to and wrongdoing, violation of any wage laws, misclassification, discrimination, or retaliation against Sims or any other persons. Defendant affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiff. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

### X.

Sims and any counsel of Sims' have an obligation to keep the terms of this Agreement confidential. If, at any time, Sims reveals any of the terms of this Agreement to anyone, except to her spouse, attorney, or tax advisor, then Defendant has the discretion to immediately withdraw this Agreement in its entirety.

Sims and any counsel of Sims' further agree not to disclose, either directly or indirectly, any information whatsoever regarding the existence or substance of this Agreement, including specifically any of the terms of the settlement, as well as the facts that led up to the filing of the lawsuit and charge of discrimination referenced above.

This nondisclosure includes, but is not limited to, members of the media, present and former employees of Defendant, and all other members of the public, but does not include Sims' spouse or an attorney or tax advisor from whom Sims and any counsel of

Sims        Goodwill

6 of 8        243101

Sims' choose to consult or seek advice. This Agreement shall not be admissible in any proceeding except to enforce the terms herein. In response to inquiries from individuals other than her spouse, attorney, or tax advisor, Sims and any counsel of Sims' shall only respond that the matter has been "settled" and will not otherwise indicate the nature and terms of the resolution of the issues.

## XI.

If Defendant believes that a violation of this Agreement, including but not limited to violations of any of the obligations set forth in Section X has occurred, Defendant may present this Agreement to any court of competent jurisdiction for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach by Plaintiff. Plaintiff, therefore, agrees that in the event of each breach, Plaintiff will pay to Defendant, as liquidated damages, and not as a penalty, the sum of One Thousand Dollars ($1,000.00) for any breach, which represents reasonable compensation to Defendant for the loss incurred because of such breach, as well as any actual damages, that Defendant may establish, plus reasonable legal fees and costs expended by Defendant.

## XII.

This Agreement is deemed by the parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

## XIII.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

## XIV.

Sims has not relied on any information provided or statements made by Defendant or any of its agents, representatives, or attorneys that are not contained in this Agreement. In return for executing this Agreement, Sims is receiving only the consideration described in this Agreement.

## XV.

This Agreement contains the entire Agreement between the parties, and it replaces any prior agreements or understandings between the parties. All modifications to this Agreement must be made in writing and signed by the parties.

Sims     Goodwill

7 of 8

243101

## XVI.

Plaintiff agrees that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. Plaintiff further agrees that this Agreement may be signed in multiple counterparts, each of which is an original.

## XVII.

This Agreement becomes effective the date of the signing of the Agreement.

_9/12/2019_
Date

_Erielle Sims_
Erielle Sims

APPROVED:

_[signature]_
Chris Burks
Brandon M. Haubert
**WH LAW, PLLC**
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114

ATTORNEYS FOR PLAINTIFF

_9-12-19_
Date

_[signature]_
Representative of Goodwill Industries of Arkansas, Inc.

APPROVED:

_Cynthia W. Kolb_
Cynthia W. Kolb
Gregory J. Northen
**CROSS, GUNTER, WITHISSPOON &
GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201

ATTORNEYS FOR DEFENDANT

_E.S.S._   _[signature]_
Sims    Goodwill

243101